1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARRELL SMITH,                              No.  2:13-cv-0864 WBS AC P

12                  Plaintiff,

13          v.                                    FINDINGS AND RECOMMENDATIONS

14    DUFFY,

15                  Defendants.

16

17          Plaintiff Darrell Smith, a state prisoner proceeding pro se, seeks relief pursuant to 42

18    U.S.C. § 1983.  Plaintiff proceeds against twelve defendants, alleging that they denied him a fair

19    segregation hearing, illegally placed him in administrative segregation, and kept him there

20    beyond the term established by the segregation order, all in violation of his rights under the Due

21    Process Clause of the U.S. Constitution.

22                          I.  MOTION FOR SUMMARY JUDGMENT

23          Pending before the court is defendants' motion for summary judgment, which has been

24    fully briefed.  See ECF Nos. 37, 40 and 41.  Defendants argue that plaintiff has no liberty interest

25    in being free from administrative segregation, and therefore there can be no Due Process violation

26    here.  Defendants are correct, as plaintiff has failed to present any evidence that his administrative

27    segregation "imposed atypical and significant hardship on the inmate in relation to the ordinary

28    incidents of prison life."  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  The undersigned will

1

1    therefore recommend that the summary judgment motion be granted.

2            A.   Legal Standard for Rule 56 (Summary Judgment) Motions

3            Summary judgment is appropriate when the moving party "shows that there is no genuine

4    dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

5    Civ. P. 56(a).  Under summary judgment practice, the moving party "initially bears the burden of

6    proving the absence of a genuine issue of material fact."  Nursing Home Pension Fund, Local 144

7    v. Oracle Corp. (In re Oracle Corp. Securities Litigation), 627 F.3d 376, 387 (9th Cir. 2010)

8    (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party may accomplish

9    this by "citing to particular parts of materials in the record, including depositions, documents,

10   electronically stored information, affidavits or declarations, stipulations (including those made for

11   purposes of the motion only), admission, interrogatory answers, or other materials" or by showing

12   that such materials "do not establish the absence or presence of a genuine dispute, or that the

13   adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ.

14   P. 56(c)(1)(A), (B).

15           When the non-moving party bears the burden of proof at trial, "the moving party need

16   only prove that there is an absence of evidence to support the nonmoving party's case."  Oracle

17   Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).

18   Indeed, summary judgment should be entered, after adequate time for discovery and upon motion,

19   against a party who fails to make a showing sufficient to establish the existence of an element

20   essential to that party's case, and on which that party will bear the burden of proof at trial.  See

21   Celotex, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the

22   nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a

23   circumstance, summary judgment should be granted, "so long as whatever is before the district

24   court demonstrates that the standard for entry of summary judgment ... is satisfied."  Id. at 323.

25           If the moving party meets its initial responsibility, the burden then shifts to the opposing

26   party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita

27   Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

28   existence of this factual dispute, the opposing party may not rely upon the allegations or denials

2

of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. Moreover, "[a] Plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence." Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).

The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U .S. at 587 (citations omitted).

In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011) (per curiam). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. … Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

3

1    In applying these rules, district courts must "construe liberally motion papers and

2 pleadings filed by pro se inmates and … avoid applying summary judgment rules strictly."

3 Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  However, "[if] a party fails to properly

4 support an assertion of fact or fails to properly address another party's assertion of fact, as

5 required by Rule 56(c), the court may … consider the fact undisputed for purposes of the

6 motion …."  Fed. R. Civ. P. 56(e)(2).

7    On May 6, 2014, Plaintiff was provided notice of the requirements for opposing a motion

8 pursuant to Rule 56, as required by Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en

9 banc), cert. denied, 527 U.S. 1035 (1999); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988),

10 and Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).  See Defendants' Rand Notice to Plaintiff

11 (ECF No. 47-2).

12    B.    Legal Principles Governing a Due Process Claim Based Upon Placement in
              Administrative Segregation

13

14    Pursuant to the Fourteenth Amendment to the U.S. Constitution,

15         No State shall ... deprive any person of life, liberty, or property,
              without due process of law.

16

17 U.S. Const. amend. XIV, § 1.  The court's initial inquiry in determining whether plaintiff can

18 prevail on this claim is whether his transfer to Administrative Segregation "implicated a 'liberty'

19 interest of [his] … within the meaning of the Due Process Clause."  Meachum v. Fano, 427 U.S.

20 215, 223-24 (1976).  If there is no such liberty interest, plaintiff's claim must fail, and no further

21 inquiry is called for.  Erickson v. U.S., 67 F.3d 858, 861 (9th Cir. 1995) ("'[a] due process claim

22 is cognizable only if there is a recognized liberty or property interest at stake'") (quoting

23 Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995)).

24    "[A] liberty interest in avoiding particular conditions of confinement may arise from state

25 policies or regulations, subject to the important limitations set forth in Sandin v. Conner, 515 U.S.

26 472 (1995)."  Wilkinson v. Austin, 545 U.S. 209, 222 (2005) (finding a Due Process liberty

27 interest "in avoiding assignment to" the unusually harsh "Supermax" facility).  The liberty

28 interest will arise from an assignment to a particular form of confinement only if that assignment

4

1   "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

2   prison life." <u>Sandin</u>, 515 U.S. at 484.

3       C.  <u>Undisputed Facts</u>

4       • At all times relevant to this complaint, plaintiff was an inmate in the California

5   Department of Corrections and Rehabilitation ("CDCR") serving an indeterminate sentence at the

6   California Medical Facility ("CMF").  Defendants' Statement of Undisputed Facts in Support of

7   Motion for Summary Judgment ("Facts") (ECF No. 37-2) ¶¶ 1-3.[1]

8       • On March 21, 2012, plaintiff was placed in Administrative Segregation ("Ad-Seg") for

9   investigation into his possible involvement in an attempt to introduce drugs, tobacco and cell

10  phones into the prison. Facts ¶ 4; Declaration of T. Lee ("Lee Decl.") (ECF No. 37-5) ¶ 2.[2]

11      • One week later, on March 28, 2012, an Institutional Classification Committee ("ICC")

12  met to review plaintiff's Ad-Seg placement, and recommended a 60-day extension so the

13  investigation could be completed.  Facts ¶¶ 5-6; Declaration of McLemore ("McLemore Decl.")

14  (ECF No. 37-7) at 5 (of 25).[3]

15      • On April 18, 2012, the Classification Staff Representative ("CSR") approved the ICC's

16  recommendation that plaintiff's Ad-Seg placement be extended for 60 days (from the date of the

17  ICC recommendation, March 28, 2012), that is, until May 27, 2012, and indicated that the case

18  was to return to the CSR no later than May 27, 2012 with a status update.  Facts ¶ 7; McLemore

19  Decl. at 6.

20      • May 27, 2012 came and went, but plaintiff was not released from Ad-Seg, nor did

21  defendants return to the CSR, or anyone else, to extend plaintiff's stay in Ad-Seg.  <u>See</u> Complaint

22  ////

23

---

24  [1] Where, as here, defendants' Undisputed Facts are supported by the submitted evidence, and not
    contested by plaintiff, the court cites only to the relevant paragraph of defendants' Undisputed
25  Facts.
    [2] The California regulations relating to placement in Administrative Segregation are found at Cal.
26  Code Regs. tit. 15, §§ 3335-45.
    [3] There are two page numbers appearing on the documents annexed to the McLemore
27  Declaration.  The court refers to the ECF page numbers on the upper right hand corner of the
    documents.
28

1   Exh. B (ECF No. 1-1) at 19 ("appellant has been illegally placed in ASU after 5-27-2012").[4]

2   • On July 11, 2012, the ICC extended plaintiff's stay in Ad-Seg another 60 days, to July

3   26, 2012 (apparently retroactively).  Facts ¶ 11.

4   • On July 25, 2012, the CSR approved another 30-day extension of plaintiff's stay in Ad-

5   Seg, to August 24, 2012.  Facts ¶ 12.

6   • On August 23, 2012, Smith was given a new segregation order which was reviewed by

7   the ICC on August 29, 2012.  Facts ¶¶ 13-14.  The ICC ordered the segregation to continue

8   pending plaintiff's transfer to another prison.  Facts ¶ 18.

9   C. Discussion

10   Plaintiff has failed to make the required showing.  Plaintiff's opposition to the summary

11   judgment motion focuses exclusively on the alleged deficiencies in the process the State used to

12   place him, and keep him, in administrative segregation.  However, he does not assert, nor offer

13   any evidence showing, that his placement in administrative segregation imposed an "atypical and

14   significant hardship" on him "in relation to the ordinary incidents of prison life."

15   First, administrative segregation itself does not qualify as an atypical and significant

16   hardship.  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (there exists "'no liberty

17   interest in freedom from state action taken within the sentence imposed,' and the Ninth Circuit

18   explicitly has found that administrative segregation falls within the terms of confinement

19   ordinarily contemplated by a sentence") (quoting Sandin, 515 U.S. at 480).

20   Second, plaintiff has not offered any information about the specific administrative

21   segregation that he was subject to from which the court could conclude that the segregation was

22   atypical or a significant hardship.  Plaintiff includes a statement (or possibly a heading) in his

23   unsworn Brief referring to the "nasty living conditions" in the administrative segregation unit.

24   See ECF No. 40 at 9.  However, plaintiff does not assert, nor offer any evidence, that these

---

25   [4] Defendants are completely silent about plaintiff's retention in Ad-Seg after May 27, 2012.

26   However, they do not contest plaintiff's assertion in his complaint that he was illegally kept in
Ad-Seg after May 27, 2012.  The court believes the statement in the text is a reasonable inference,

27   for purposes of the summary judgment motion, from the unsworn complaint, defendants'
discussion of the events before and after this time period, and their silence about plaintiff's

28   retention in Ad-Seg between May 27, 2012 and July 11, 2012.

conditions are materially different than those existing in the general population.[5]  In the same

unsworn statement, plaintiff indicates that he contracted a staph infection, got high blood

pressure, and possibly developed a mental health issue.  However, as defendants point out,

plaintiff directs the court to no evidence that any of these things occurred while he was in

administrative segregation.

In short, the undisputed facts show that plaintiff was held in "administrative" segregation

from May 27, 2012 to July 11, 2012 with no administrative order in existence to keep him there,

and plaintiff further asserts that the remainder of his time in Ad-Seg was plagued by violations of

State regulations governing administrative segregation.  However, even assuming the deficiencies

and regulatory violations occurred, plaintiff has failed to show that his segregation was atypical in

relation to the ordinary incidents of prison life.  Accordingly, under the governing law and the

undisputed facts of this case, he has not suffered a violation of his federal Due Process rights.

## II.  CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1.      Defendants' motion for summary judgment (ECF No. 37) be GRANTED;

2.      The Section 1983 claim be DISMISSED in its entirety, with prejudice;

3.      Pursuant to 28 U.S.C. § 1367(c)(3), the court decline to exercise jurisdiction over

any State claims for violations of the administrative segregation regulations; and that

4.      The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order.  Turner v.

[5] Of course, sufficiently unacceptable living conditions could support a claim for cruel and unusual punishment.  See, e.g., Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996) (plaintiff's Eighth Amendment claims relating to the conditions of his confinement should go to trial).  However, that is not a claim made in this lawsuit.

1 | Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th

2 | Cir. 1991).

3 | DATED: October 21, 2014

4 |

5 | ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8